[Cite as *Barringer v. Barringer*, 2014-Ohio-480.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| TAMARA BARRINGER | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
|     Plaintiff-Appellant | |
| -vs- | Case No. 13-CA-54 |
| KEITH BARRINGER | |
|     Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Licking County Court of Common Pleas, Domestic Relations Division, Case No. 04DR01127

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    February 11 2014

APPEARANCES:

For Plaintiff-Appellant          For Defendant-Appellee

TAMARA BARRINGER, PRO SE    KEITH BARRINGER, PRO SE
610 Ashtabula Court            129 Brenden Park Drive
Columbus, Ohio 43210         Pataskala, Ohio 43062

*Hoffman, P.J.*

{¶1} Plaintiff-appellant Tamara K. Barringer appeals the May 24, 2013 Judgment Entry entered by the Licking County Court of Common Pleas, Domestic Relations Division, which overruled her objections to the magistrate's April 5, 2013 decision, and approved and adopted said decision as order of the court. Defendant-appellee is Keith E. Barringer.[1]

STATEMENT OF THE FACTS AND CASE

{¶2} Appellant and Appellee were divorced via Decree filed February 6, 2006. Appellant was designated as the residential parent and legal custodian of the parties' two minor children. Appellee was provided with specific visitation.

{¶3} Appellee filed a motion for contempt on March 28, 2011, a motion for in camera interviews on March 31, 2011, and a motion to reallocate parental rights and responsibilities on April 7, 2011. The magistrate conducted a hearing on the motions on July 26, 2011, and, thereafter, issued his decision on August 18, 2011. Appellant filed objections to the magistrate's decision, which the trial court overruled via Judgment Entry filed April 12, 2012. The trial court granted Appellee's motion to reallocate parental rights and responsibilities, finding the evidence established by a preponderance of the evidence a change in circumstances had occurred with respect to the children and it would be in their best interest to designate Appellee as residential parent. Appellant did not appeal the ruling.

{¶4} Subsequently, on December 21, 2012, Appellant filed a motion for reallocation of parental rights and responsibilities. Appellee filed a motion for

---

[1] Appellee has not filed a brief in this Appeal.

modification of parenting time on December 27, 2012. The magistrate conducted a hearing on the motions on March 27, 2013. The magistrate issued his decision on April 5, 2013, denying Appellant's motion. The magistrate found "the evidence admitted into the record does not establish that a 'change in circumstances' with respect to the children or with respect to the defendant has occurred since the date that the most recent hearing on the parties' parental rights and responsibilities took place on July 26, 2011." Magistrate's April 5, 2013 Decision at p. 6. Appellant filed timely objections to the decision.

{¶5} Via Opinion filed May 15, 2013, the trial court overruled Appellant's objections. The trial court found it could not consider Appellant's filing because Appellant did not include a certificate of service indicating the objections were served upon Appellee as required by Civ. R. 5. The trial court further noted it was unable to review any objections relating to factual matters as Appellant failed to file a transcript of the proceedings before the magistrate. Via Judgment Entry on May 24, 2013, the trial court overruled and dismissed Appellant's motion to reallocate parental rights and responsibilities.

{¶6} It is from this judgment entry Appellant appeals, raising the following assignments of error:

{¶7} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN APPLYING A 'PREPONDERANCE OF EVIDENCE' STANDARD.

{¶8} "II. THE MAGISTRATE ABUSED HIS DISCRETION AND ERRED AS A MATTER OF LAW BY FAILING TO EXAMINE ALL THE FACTORS IN DETERMINING THE BEST INTEREST OF THE CHILDREN IN A CHILD CUSTODY DETERMINATION.

**{¶9}** "III. THE MAGISTRATE ABUSED HIS DISCRETION AND ERRED BY IMPROPERLY ELIMINATING INVALUABLE EVIDENCE.

**{¶10}** "IV. THE MAGISTRATE ABUSED HIS DISCRETION AND ERRED AS A MATTER OF LAW IN FAILING TO APPOINT A GUARDIAN AD LITEM TO REPRESENT THE CHILDREN.

**{¶11}** "V. THE MAGISTRATE IMPROPERLY ELIMINATED INVALUABLE EVIDENCE AND SHOULD HAVE ORDERED A COURT INVESTIGATOR FOR AN EVALUATION OF BOTH PARTIES."

I, II, III, IV, V

**{¶12}** Initially, we note, although Appellant filed objections to the magistrate's decision, she failed to include a certificate of service indicating she had served the objections on Appellee.

**{¶13}** Of more significance is Appellant's failure to provide the trial court with a transcript of the hearing before the magistrate such precludes her from challenging the decision or judgment as being against the manifest weight of the evidence. *GMS Mgt. Co., Inc. v. Coultier,* 11th Dist. No.2005–L–071, 2006–Ohio–1263, ¶ 26.

**{¶14}** Civ. R. 53(D)(3) provides, in pertinent part:

*(b) Objections to magistrate's decision.*

\* \* \*

*(ii) Specificity of objection.* An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection.

*(iii) Objection to magistrate's factual finding; transcript or affidavit.* An objection to a factual finding, whether or not specifically designated as

a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

*(iv) Waiver of right to assign adoption by court as error on appeal.* Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

**{¶15}** We find Appellant's failure to follow the procedural requirement of Civ. R. 5[2] was tantamount to failing to file objections to the magistrate's decision. Civ.R. 53(D)(3)(b)(iv) provides "a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b)."

---

[2] Civ. R. 5(A) requires every pleading subsequent to the complaint to be served on an opposing party.

**{¶16}** However, even when a party fails to file objections to a magistrate's decision, an appellate court may still review the decision for plain error. *Brown v. Zurich,* 150 Ohio App.3d 105, 110, 2002-Ohio6099, 779 N.E.2d 822; *O'Connor v. Trans World Services, Inc.,* 10th Dist. No. 05AP-560, 2006-Ohio-2747, at ¶ 11.

**{¶17}** "The plain error doctrine is not favored in civil proceedings and 'may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.' " *Id.* citing *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 679 N.E.2d 1099, syllabus.

**{¶18}** We find review of Appellant's arguments on appeal and the circumstances in this case do not rise to the exceptional case calling for a plain error reversal. Accordingly, we find Appellant has waived the right to assign error to the trial court's approval and adoption of the magistrate's decision.[3]

**{¶19}** We further note Appellant failed to provide a transcript or affidavit to this Court or the trial court.

**{¶20}** On review, we find the rationale often relied upon in *Knapp v. Edwards Labs.* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384, applies in the within case. The duty to provide the transcript of the proceedings before the magistrate fell upon Husband as he had the burden of showing error by reference to matters in the record. See *State v. Skaggs* (1978), 53 Ohio St.2d 162, 372 N.E.2d 1355. "When portions of

---

[3] We note Appellant's assertion in Assignment of Error No. 1 that the trial court applied the wrong standard, if true, would serve to benefit her in establishing her motion to reallocate parental rights. While it may have been to her detriment when parental rights were reallocated to Appellee in 2012, Appellant did not appeal that judgment.

the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *State v. Neal,* December 19, 2005, Delaware App. No.2005CAA02006.  We believe this same rationale applies when a trial court reviews a magistrate's decision where the objector fails to produce the entire transcript for the trial court.

{¶21}  Because the record lacks a transcript of the magistrate's hearing, we must presume the validity of the lower court's proceedings and affirm.

{¶22}  Appellant's five assignments of error are overruled.

{¶23}  The judgment of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Wise, J. concur