[Cite as *Thomas v. Ohio Dept. of Mental Health*, 2017-Ohio-7525.]

| | |
|---|---|
| LINDA THOMAS, Admr. | Case No. 2015-00487 |
| Plaintiff | Judge Patrick M. McGrath<br>Magistrate Anderson M. Renick |
| v. | |
| OHIO DEPARTMENT OF MENTAL HEALTH | DECISION |
| Defendant | |

{¶1} Before the court are written objections filed on July 10, 2017 by plaintiff Linda Thomas, administrator of the estate of Brian Burkett, Jr., deceased, to Magistrate Anderson M. Renick's decision of June 23, 2017 recommending judgment in favor of defendant Ohio Department of Mental Health (ODMH). Upon review, the court finds no error of law or other defect evidence on the face of Magistrate Renick's decision.

{¶2} Civ.R. 53(D)(3)(b) pertains to objections to a magistrate's decision. Under Civ.R. 53(D)(3)(b)(i), a party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not a court has adopted the decision during that fourteen day period. According to Civ.R. 53(D)(4)(c), if no timely objections are filed, a court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision.

{¶3} Here, Thomas did not timely file written objections to Magistrate Renick's decision and, when Thomas filed her objections, she failed to follow procedural requirements contained in Civ.R. 5 because she did not attach a certificate of service with her objections or separately file proof of service with the court, which under Ohio law, is tantamount to a failure to file objections. And, *even if* Thomas had timely filed written objections, her objections generally do not comport with requirements contained

in Civ.R. 53(D)(3)(b)(ii) that require an objection to be specific and state with particularity all grounds for an objection.

## I. Background

{¶4} On May 13, 2015, Thomas sued ODMH, alleging claims of wrongful death, loss of consortium, and negligent infliction of emotional distress stemming from the death of Brian Burkett, Jr., who before he died, had been hospitalized at the Timothy B. Moritz Forensic Unit at Twin Valley Behavioral Healthcare. After Thomas filed her complaint, the court appointed attorney Anderson M. Renick as a magistrate in the cause without limitation of authority specified in Civ.R. 53(C), and it directed that objections to the magistrate's decision, if any, were required to be filed as provided in Civ.R. 53(D)(3)(b).

{¶5} A trial pertaining to the issue of liability was held on November 7, 2016. After the trial, a transcript of the proceedings was filed in the court. On June 23, 2017, Magistrate Renick rendered a decision wherein he recommended the issuance of a judgment in favor of ODMH. Seventeen days later—on July 10, 2017—Thomas, through her counsel, filed written objections to Magistrate Renick's decision, without including completed proof of service. On July 17, 2017, ODMH filed a response to Thomas's objections.

## II. Thomas did not timely file written objections to Magistrate Renick's decision. And Thomas did not attach a certificate of service with her objections or separately file proof of service with the court, which, under Ohio law, is tantamount to a failure to file objections.

{¶6} Civ.R. 53(D)(3)(b) pertains to objections to a magistrate's decision. According to Civ.R. 53(D)(3)(b)(i), a party "may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." And if any party timely files objections, any other party "may also file

objections not later than ten days after the first objections are filed." Civ.R. 53(D)(3)(b)(i). Civ.R. 53(D)(3)(b)(i) does not expressly permit a party to file a response to another party's objections.

{¶7} Civ.R. 53(D)(4) pertains to a court's action on a magistrate's decision. According to Civ.R. 53(D)(4)(c), "[i]f no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." *Compare* Civ.R. 53(D)(4)(d) ("If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections"). Pursuant to Civ.R. 53(D)(4)(a), a magistrate's decision "is not effective unless adopted by the court."

### A. Thomas's objections are untimely.

{¶8} Here, Magistrate Renick issued his decision on June 23, 2017 and the court's record indicates that a copy of Magistrate Renick's decision was sent to Thomas's counsel that same day. Thomas's objections were therefore due in this court by Friday, July 7, 2017—fourteen days after the filing of Magistrate Renick's decision. However, Thomas did not file her objections until July 10, 2017. Thus, Thomas's objections are untimely. Because Thomas's objections are untimely, in accordance with Civ.R. 53(D)(4)(c) this court may adopt Magistrate Renick's decision as its own, provided that the court finds no error of law or other defect evident on the face of Magistrate Renick's decision.

### B. Thomas's objections do not comport with requirements contained in Civ.R. 5.

{¶9} A review of Thomas's untimely objections discloses that the objections do not comport with requirements contained in Civ.R. 5 because the filed objections do not contain a completed proof of service. Civ.R. 5(A) pertains to the service of papers subsequent to an original complaint, providing in part: "Except as otherwise provided in

these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and *similar paper shall be served upon each of the parties.*" (Emphasis added.) According to Civ.R. 5(B)(4), the served document "shall be accompanied by a completed proof of service which shall state the date and manner of service, specifically identify the division of Civ.R. 5(B)(2) by which the service was made, and be signed in accordance with Civ.R. 11. *Documents filed with the court shall not be considered until proof of service is endorsed thereon or separately filed.*" (Emphasis added.) Here, because Thomas's written objections do not contain a completed proof of service, pursuant to Civ.R. 5(B)(4) this court is not permitted to consider them. *Accord Campbell v. Mattingly*, Franklin C.P. No. 13 CV 07-007510, 2014 Ohio Misc. LEXIS 10575, at *1 (July 21, 2014) ("The defendant, Shannon Mattingly, e-filed a one sentence objection to the Magistrate's decision on June 24, 2014 but no Certificate of Service was attached. Accordingly, the Court cannot consider the objection for any purpose").

{¶10} Moreover, Ohio case law indicates that a party's failure to follow the procedural requirement of Civ.R. 5 when filing objections to a magistrate's decision is tantamount to a failure to file objections. In *Barringer v. Barringer*, 5th Dist. Licking No. 13-CA-54, 2014-Ohio-480, the Fifth District Court of Appeals noted that, although the appellant in that case filed objections to a magistrate's decision, the appellant failed to include a certificate of service indicating that she had served the objections on the appellee in that case. *Barringer* at ¶ 12. The appellate court found that the appellant's "failure to follow the procedural requirement of Civ.R. 5 was tantamount to failing to file objections to the magistrate's decision." *Id.* at ¶ 15. Applying *Barringer*, it follows that, in this instance, Thomas's failure to include a completed proof of service with her filed

objections indicating that she served objections on ODMH is tantamount to a failure to file objections. And since Thomas's filing is equivalent to having filed no objections at all, this court may proceed as if no objections have been filed. *Accord Bradshaw v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2008-07888, 2011-Ohio-4841 (proceeding as if no objections had been filed after finding a party did not attach a certificate of service with filed objections or separately file proof of service with the court).

### C. Summary

{¶11} Upon review, the court determines that Thomas's objections to Magistrate Renick's decision of June 23, 2017 are untimely. And because Thomas's untimely objections do not contain a completed proof of service, the court further determines that the court may not consider them.

### III. Even if Thomas's objections had been timely filed, the objections generally do not comport with requirements contained in Civ.R. 53(D)(3)(b)(ii).

{¶12} Civ.R. 53(D)(3)(b)(ii) provides requirements for a party's objection to a magistrate's decision, stating: "An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." The rule does not define the terms "specific" or "grounds." The plain ordinary meaning of these terms therefore should be used when interpreting Civ.R. 53(D)(3)(b)(ii), unless a contrary intention is clearly expressed by the Ohio Rules of Civil Procedure. *See State ex rel. Brilliant Elec. Sign Co. v. Indus. Comm. of Ohio*, 57 Ohio St.2d 51, 54, 386 N.E.2d 1107 (1979) ("'In construing statutes, it is customary to give words their plain ordinary meaning unless the legislative body has clearly expressed a contrary intention.' *Youngstown Club* v. *Porterfield* (1970), 21 Ohio St. 2d 83, 86. This maxim applies equally to administrative regulations.")

{¶13} In common usage the term "specific" means "[o]f, relating to, or designating a particular or defined thing; explicit." *Black's Law Dictionary* 1616 (10th Ed.2014). And

in common usage the term "ground" means the "reason or point that something (as a legal claim or argument) relies on for validity." *Id.* at 819. Here, Thomas has submitted ten objections—with objections 1 through 9 relating to purported "findings" by the magistrate, and a tenth objection contesting the magistrate's decision because it is purportedly against the manifest weight of the evidence. Thomas's filing also states: "In support of all of the above objections, Plaintiff hereby incorporates by reference her post-trial brief in its entirety."

{¶14} A review of objections Nos. 1 through 9 discloses that the objections contain quotations—apparently from the magistrate's decision—but none of the objections lists a page number of the magistrate's decision, or a reference to the transcript, where the purported error occurred. Thus, none of these nine objections satisfy the specificity requirement contained in Civ.R 53(D)(3)(b)(ii). And a review of Thomas's objections shows that, except for the tenth objection where Thomas objects to the entirety of Magistrate Renick's decision "as said decision is against the manifest weight of the evidence," the other objections do not state grounds for the objections. And, even though Thomas' tenth objection raises a manifest-weight-of-the-evidence argument, the tenth objection does not indicate why, in Thomas's view, Magistrate Renick's decision is against the manifest weight of the evidence.

{¶15} Thus, even if the court were to rule on Thomas's objections, only Thomas's tenth objection arguably comports with Civ.R. 53(D)(3)(b)(ii)'s requirements that call for an objection to be specific and identify with particularity all grounds for the objection.

## IV. Conclusion

{¶16} Accordingly, for reasons set forth above, the court determines that Thomas's objections to Magistrate Renick's decision of June 23, 2017 are untimely. And because Thomas's untimely objections do not contain a completed proof of service, the court further determines the court may not consider them. Upon independent review, the court determines that there is no error of law or other defect evident on the

face of Magistrate Renick's decision.  Finding no error of law or other defect evidence on the face of Magistrate Renick's decision, the court also determines that the magistrate's decision and recommendation should be adopted, including the findings of fact and conclusions of law contained in it, and that judgment should be rendered in favor of ODMH.

PATRICK M. MCGRATH
Judge

[Cite as *Thomas v. Ohio Dept. of Mental Health*, 2017-Ohio-7525.]

| | |
|---|---|
| LINDA THOMAS, Admr. | Case No. 2015-00487 |
| Plaintiff | Judge Patrick M. McGrath<br>Magistrate Anderson M. Renick |
| v. | |
| OHIO DEPARTMENT OF MENTAL HEALTH | JUDGMENT ENTRY |
| Defendant | |

{¶17} For the reasons set forth in the decision filed concurrently herewith, upon independent review, the court determines that there is no error of law or other defect evident on the face of Magistrate Renick's decision of June 23, 2017.  Finding no error of law or other defect evidence on the face of Magistrate Renick's decision, the court adopts Magistrate Renick's decision and recommendation as its own, including the findings of fact and conclusions of law contained therein.  Judgment is rendered in favor of defendant Ohio Department of Mental Health.  Court costs are assessed against plaintiff Linda Thomas.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

cc:

Natasha A. Wells Niklas
3412 West Market Street
Akron, Ohio 44333

Charles R. Janes
Eric A. Walker
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

**Filed August 16, 2017**
**Sent to S.C. Reporter 9/8/17**