[Cite as *J.C. v. A.L.*, 2019-Ohio-480.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| J.C. | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 18-CA-50 |
| | : | |
| A.L. | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Licking County Court of Common Pleas, Domestic Relations Division, Case No. 2011 DR 01420 RPW

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      February 11, 2019

APPEARANCES:

For Plaintiff-Appellant:      For Defendant-Appellee:

DAVID T. BALL
395 North Pearl Street
Granville, OH 43023

AARON LITTLEJOHN
P.O. Box 6258
Columbus, OH 43206

*Delaney, J.*

{¶1}   Plaintiff-Appellant J.C. appeals the May 24, 2018 judgment entry of the Licking County Court of Common Pleas, Domestic Relations Division.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   Plaintiff-Appellant J.C. is the father and Defendant-Appellee A.L. is the mother of J.C., born on July 11, 2008. Mother and Father were not married at the time of J.C.'s birth and are no longer in a relationship.

{¶3}   On October 13, 2011, Father filed a complaint for custody of J.C. The trial court named Mother as the temporary residential parent and by an agreed judgment entry on September 8, 2012, Mother was designated the residential parent. Mother and Father filed numerous motions, including motions for contempt and reallocation of parental rights, which the trial court heard at trial on August 6, 2014, August 7, 2014, and October 3, 2014.

{¶4}   On October 17, 2014, the trial court issued its judgment entry naming Father as the residential parent and legal custodian. The trial court determined the most important factor in the matter was the inability of Mother and Father to cooperate with each other, which negatively affected J.C. The trial court found there had been a change of circumstances by Mother's failure to cooperate with visitation and follow the temporary orders. The evidence demonstrated it was in the best interests of J.C. that the child be placed with Father. Mother was ordered to pay child support. No appeal was filed.

{¶5}   After the trial court's judgment, Mother and Father engaged in constant litigation over custody issues.

{¶6} On February 26, 2016, Mother filed an ex parte motion for custody of J.C. Father responded by filing a motion to find Mother in contempt and a motion for reallocation of parental rights. Mother filed a motion for shared parenting. Father filed an ex parte motion for psychological and psychiatric examination of Mother. Father filed a motion to reappoint the guardian ad litem and then filed a motion to appoint a new guardian ad litem. Mother filed an ex parte motion to reallocate parental rights on an emergency basis, which the trial court overruled.

{¶7} The matter was referred to the magistrate, who held a hearing on June 7, 2017 on Mother's motion to reallocate parental rights, Father's motion to reallocate parental rights, Father's motions for contempt, and Mother's proposed shared parenting plan. The magistrate conducted an in camera interview of J.C. The following evidence was adduced at the hearing.

{¶8} J.C. recently completed the second grade at the elementary school within Father's residential school district. J.C. participated in the gifted program. J.C. had friends at school, but she also had friends in her Mother's neighborhood. Mother was concerned that J.C. was socially isolated. J.C. was participating in ballet, but either Mother or Father discontinued her lessons. Father stated it was Mother's fault J.C. stopped ballet. J.C. was also attended counseling, but stopped abruptly for unknown reasons.

{¶9} Father's home was directly across from the elementary school. Father's mother assisted Father with J.C.'s care. Both Mother and Father's homes were appropriate for J.C.

{¶10} Father was employed as a licensed realtor. He stated he sold four homes in 2017, but he was unaware of his yearly earnings. Mother was employed in retail.

{¶11} Pursuant to the original custody order, Mother and Father had equal access to J.C.'s medical information. Father directed a letter to J.C.'s primary care physician blocking Mother from having access to J.C.'s records and information.

{¶12} In 2015, Father was arrested for a first-degree misdemeanor OVI and a felony offense of mishandling a firearm in a motor vehicle. Father had a concealed carry permit. Father pleaded guilty to the OVI offense and entered into a diversion program as to the felony offense.

{¶13} In November 2015, Father's ex-wife accused Father of an incident of domestic violence. Father agreed there was an argument but denied he assaulted her. Father and ex-wife divorced shortly after the incident.

{¶14} In January 2017, Father was arrested for first-degree misdemeanor OVI and a felony offense of mishandling a firearm in a motor vehicle. Father pled guilty to the OVI offense and the felony charge was reduced to first degree misdemeanor. Father was sentenced to 280 days in jail, with 150 days suspended. Father was going to begin his jail sentence after the custody hearing. Father's mother and Mother were going to care for J.C. while Father was in jail. Father's driver's license was suspended. At his sentencing hearing, Father stated, "I've realized that a lot of things – I've realized a lot of things through this process. One is that I have a problem that I'm unable to manage on my own. I've also discovered an unacknowledged depression about some areas in my life." (T. 27).

{¶15} Mother has a criminal and traffic violation history.

{¶16} The Guardian ad Litem recommended that J.C. be placed with Mother.

{¶17} On August 24, 2017, the magistrate issued his decision. He found the evidence demonstrated a change of circumstances had taken place in regards to Father. The magistrate found the change in circumstances was the cumulative result of Father's alcohol abuse, conviction for OVI and a firearm violation twice within two years resulting in a jail term, admission of untreated depression, and allegation of domestic violence. The magistrate found it was in the child's best interests to modify the present allocation of parental rights and responsibilities and awarded custody to Mother. Father was ordered to pay child support.

{¶18} Father filed objections to the magistrate's decision. Upon its independent review, the trial court sustained one of Father's objections relating to the magistrate's statement regarding Father's alleged alcohol abuse and overruled Father's remaining eight objections. The trial court found that both parents in this case had faults and positives. Based on the evidence, the trial court adopted the magistrate's decision on May 24, 2018. It is from this judgment Father now appeals.

## ASSIGNMENTS OF ERROR

{¶19} Father raises five Assignments of Error:

{¶20} "I. THE TRIAL COURT ERRED IN APPLYING THE 'PREPONDERANCE OF THE EVIDENCE' STANDARD OF PROOF REGARDING A MOTION TO REALLOCATE PARENTAL RIGHTS AND RESPONSIBILITIES.

{¶21} "II. THE TRIAL COURT ERRED BY ADOPTING THE MAGISTRATE'S FINDINGS THAT A CHANGE IN CIRCUMSTANCES HAD OCCURRED WARRANTING A MODIFICATION OF THE PRIOR PARENTING ORDERS.

{¶22} "III. THE TRIAL COURT ERRED BY ADOPTING THE MAGISTRATE'S FINDING THAT IT WAS NECESSARY TO MODIFY THE PARENTING ORDERS REGARDING THE PARTIES' MINOR CHILD.

{¶23} "IV. THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S FINDING THAT THE HARM LIKELY TO OCCUR DUE TO THE CHANGE IN CIRCUMSTANCES WOULD BE OUTWEIGHED BY THE ADVANTAGES OF THE CHANGE.

{¶24} "V. THE TRIAL COURT ERRED BY ADOPTING THE MAGISTRATE'S FINDINGS THAT APPELLEE'S CHILD SUPPORT OBLIGATION SHOULD BE TERMINATED AND ONE IMPOSED ON APPELLANT REQUIRING HIM TO PAY CHILD SUPPORT IN THE AMOUNT OF $454.57 PER MONTH."

**ANALYSIS**

**I. Standard of Review**

{¶25} Father contends in his first Assignment of Error that the trial court erroneously utilized a preponderance of the evidence standard of proof for its independent review of the magistrate's decision and Father's objections. Father contends the correct standard of proof is clear and convincing evidence to determine whether there has been a change in circumstances and the best interests of the child. In its judgment entry overruling Father's objections to the magistrate's decision, the trial court stated, "[t]his Court utilized the standard of proof known as 'preponderance of the evidence' in weighing the relevance of the Petitioner's convictions and conduct to determine what is in the child's best interest and if there has been a change of circumstances warranting modification of a prior parenting order." (Judgment Entry, May 24, 2018).

{¶26} In support of his argument, Father refers this Court to *Bell v. Bell*, 2nd Dist. Clark No. 2007 CA 9, 2007-Ohio-6347, where the Second District Court of Appeals held the trial court's determination regarding the reallocation of parental rights must be supported by sufficient evidence to meet the clear and convincing evidence standard of proof. *Id.* at ¶ 30. In *Pellettiere v. Pellettiere*, 2nd Dist. Montgomery No. 23141, 2009-Ohio-5407, ¶ 11, the appellate court cited *Bell, supra,* in an appeal of reallocation of parental rights. The court found the standard of proof cited in *Bell* originated in *Miller v. Greene County Children's Services Bd.*, 162 Ohio App.3d 416, 2005-Ohio-4035, 833 N.E.2d 805 (2nd Dist.) where the court held the standard of review in an action by an *agency to take away custody from the natural parents* is clear and convincing (emphasis added). The *Pellettiere* court found the *Bell* court ultimately applied the abuse of discretion standard, which it held was the correct standard of review in custody matters. *Pellettiere, supra* at ¶ 11-12.

{¶27} In *Barringer v. Barringer*, 5th Dist. Licking No. 13-CA-54, 2014-Ohio-480, a pro se appellant raised the argument that the trial court incorrectly utilized the preponderance of the evidence standard of review in her appeal of the trial court's judgment to dismiss her motion for reallocation of parental rights and responsibilities. The underlying matter was heard by a magistrate and the appellant failed to serve her objections to the magistrate's decision on the appellee or file a transcript of the magistrate's hearing. We did not address the merits of the appeal and affirmed the trial court's decision on procedural grounds. We stated in a footnote, however, if appellant's assertion that the trial court applied the wrong standard of review was true, "it would serve to benefit her in establishing her motion to reallocate parental rights." *Id.* at fn. 3.

{¶28} There is no dispute that we review a trial court's decision allocating parental rights and responsibilities under an abuse of discretion standard. *Miller v. Miller,* 37 Ohio St.3d 71, 523 N.E.2d 846 (1988); *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). Custody issues are some of the most difficult and agonizing decisions a trial judge must make; he or she must have wide latitude in considering all the evidence. *Girdlestone v. Girdlestone,* 5th Dist. Stark No. 2016 CA 00019, 2016–Ohio–8073, ¶ 12, citing *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 11 (1997). Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base his or her judgment. *See Dinger v. Dinger,* 5th Dist. Stark No. 2001CA00039, 2001–Ohio–1386. Ultimately, parental rights and responsibilities are to be allocated based upon the paramount consideration of the best interest of the child. *Trent v. Trent,* 12th Dist. Preble No. CA 98–09–014, 1999 WL 298073.

{¶29} The trial court reviews a motion to reallocate parental rights and responsibilities pursuant to R.C. 3109.04(E)(1)(a). The statute states the following:

The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior

shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

{¶30} Thus, before a court may modify a prior allocation of parental rights and responsibilities, it must consider: (1) whether a change in circumstances occurred, (2) whether modification is in the child's best interest, and (3) whether the benefits that result from the change outweigh any harm. *Clark v. Smith*, 130 Ohio App.3d 648, 653, 720 N.E.2d 973, 976 (3rd Dist.1998). The record must support each of these findings or the modification of child custody is contrary to law. *Flickinger, supra* at 417. Additionally, R.C. 3109.04(E)(1)(a) creates a rebuttable presumption retaining the residential parent designated by the prior decree is in the child's best interest. *Meyer v. Anderson*, 2nd Dist. Miami No. 96CA32, 1997 WL 189383, (April 18, 1997).

{¶31} As will be discussed below in further detail, we find that under either the preponderance of the evidence or the clear and convincing evidence standard of proof, the trial court did not abuse its discretion in determining there was a change of circumstances and it was in the best interest of the child to be placed in Mother's custody.

{¶32} Father's first Assignment of Error is overruled.

## II. Change of Circumstances

{¶33} Father contends in his second Assignment of Error that the trial court erred when it found there had been a change of circumstances. We disagree.

{¶34} "Although R.C. 3109.04 does not provide a definition of the phrase 'change in circumstances,' Ohio courts have held that the phrase is intended to denote 'an event, occurrence, or situation which has a material and adverse effect upon a child'." *Hagan v. Hagan*, 5th Dist. Delaware No. 18 CAF 03 0030, 2019-Ohio-51, ¶ 29 quoting *Lewis v. Lewis*, 12th Dist. Butler No. CA2001–09–209, 2002 WL 517991 (April 8, 2002), citing *Rohrbaugh v. Rohrbaugh*, 136 Ohio App.3d 599, 604–05, 737 N.E.2d 551 (7th Dist. 2000). In order to warrant the abrupt disruption of the child's home life, the change in circumstances must be one "of substance, not a slight or inconsequential change". *Flickinger, supra* at 418. "The purpose of requiring a finding of a change in circumstances is to prevent a constant re-litigation of issues that have already been determined by the trial court. * * * Therefore, the modification must be based upon some fact that has arisen since the prior order or was unknown at the time of the prior order." *Brammer v. Brammer*, 194 Ohio App.3d 240, 955 N.E.2d 453, 2011–Ohio–2610, ¶ 17 (3rd Dist.), citing R.C. 3109.04(E)(1)(a).

{¶35} The trial court found a change of circumstances had occurred in regards to Father since the original allocation of parental rights in October 2014. Father plead guilty to and was convicted of OVI in October 2015 and was sentenced to probation. In January 2017, Father was charged with a second OVI and the Improper Handling of a Firearm. Father pled guilty to the OVI, a first-degree misdemeanor, and the Improper Handling of

a Firearm, which was reduced from a felony to a misdemeanor. At his sentencing hearing, Father admitted he was suffering from untreated depression. The trial court further found that after the allocation of parental rights to Father, Father was also involved in an alleged domestic violence incident with his ex-wife.

{¶36} Father argued in his objections to the magistrate's decision and on appeal that Father's two misdemeanor convictions and resulting jail sentence were insufficient for finding a change of circumstances. In support of his argument, he cites *Hobbs v. Hobbs*, 2015-Ohio-1963, 36 N.E.3d 665, ¶ 56, for the proposition that a misdemeanor offense is insufficient to constitute a change of circumstances. A review of *Hobbs* shows the issue before the Fourth District Court of Appeals was whether a child's grade fluctuations and father's allegedly lackadaisical parenting style constituted a change of circumstances sufficient to warrant reallocation of parental rights. *Id.* There was no allegation in the facts of *Hobbs* that the father had been convicted of a misdemeanor so as to impact the change of circumstances analysis. We do not find that *Hobbs* supports Father's argument.

{¶37} The *Hobbs* court did provide a good summary of the standards in order to find a change of circumstances:

> Appellate courts must not, however, "make the threshold for change so high as to prevent a trial judge from modifying custody if the court finds it necessary for the best interest of the child." *Davis*, 77 Ohio St.3d at 420–421, 674 N.E.2d 1159. Accordingly, the change need not be "substantial," but it must be more than "slight or inconsequential." Id. at 417–418, 674 N.E.2d 1159; *Bragg v. Hatfield*, 152 Ohio App.3d 174, 2003-Ohio-1441, 787

N.E.2d 44, ¶ 23 (4th Dist.) ("The change must be significant—something more than a slight or inconsequential change."). A change in circumstances must be one of consequence—one that is substantive and significant—and it must relate to the child's welfare. *Davis*, 77 Ohio St.3d at 418, 674 N.E.2d 1159; *In re D.M.*, 8th Dist. Cuyahoga No. 87723, 2006-Ohio-6191, 2006 WL 3378429, ¶ 35, quoting *Rohrbaugh v. Rohrbaugh*, 136 Ohio App.3d 599, 604–05, 737 N.E.2d 551 (7th Dist., 2000) (explaining that a change in circumstance generally means an event, occurrence, or situation that materially affects a child's welfare); *Beaver v. Beaver*, 143 Ohio App.3d 1, 10, 757 N.E.2d 41 (4th Dist., 2001), quoting *Holtzclaw v. Holtzclaw*, Clermont App. No. CA92–04–036, 1992 WL 368712 (Dec. 14, 1992) (" 'Implicit in the definition of changed circumstances is that the change must relate to the welfare of the child.' ").

*Hobbs, supra* at ¶ 55.

{¶38} Since Father has been named the residential parent of the child, Father has been twice arrested for driving while intoxicated and the improper handling of a firearm. Father was ordered to serve time in jail for his second conviction. Upon his second conviction, Father admitted he was suffering from unaddressed depression. The GAL testified at the hearing and his report was admitted into evidence. Pursuant to his investigation, he reviewed the GAL's report from the original custody dispute. The report stated the first GAL was concerned about Father's sobriety and the issues that stemmed from that sobriety. The current GAL found that based on Father's second arrest for OVI,

Father had not addressed his alcohol usage. The first and second GAL also found Father had a tendency to gloss over problems and present things in a best light.

{¶39} We find Father's arrests for OVI and Improper Handling of a Firearm are events or situations that materially affect the child's welfare. The GALs were concerned about Father's sobriety and Father's arrests for OVI confirmed the GALs' concerns that Father had not addressed his sobriety and/or depression. We find no abuse of discretion to find there had been a change of circumstances.

{¶40} Father's second Assignment of Error is overruled.

{¶41} Father contends in his third Assignment of Error that the trial court erred in finding it was necessary to modify the parenting orders in regards to J.C. In his Assignment of Error, Father again argues there was no change of circumstances. Based on the above, we overrule Father's third Assignment of Error.

### III. Benefits Outweigh Harm of Change

{¶42} Father argues in his fourth Assignment of Error that the trial court erred in adopting the magistrate's finding that the harm likely to occur due to the change in circumstances was not outweighed by the advantages of change. In his objections to the magistrate's decision, Father referred the trial court to his arguments in Objections One through Six for the basis for his argument that the harm of the change will be outweighed by the advantages of the change.

{¶43} The trial court overruled the objection. It found the facts of the case showed that both parents had faults and positives, but based on the totality of the circumstances, it was in the best interest of the child to be placed with Mother. Upon our review of the record, we agree. J.C. was comfortable in both parents' homes. J.C. had friends in

Mother's neighborhood. J.C. had a good relationship with Mother and Father. J.C. was a gifted student. The trial court expressed it was the poor relationship between Mother and Father that negatively impacted J.C.

{¶44} Father's fourth Assignment of Error is overruled.

### IV. Child Support Obligation

{¶45} Father contends in his fifth Assignment of Error the trial court erred in terminating Mother's child support obligation and ordering Father to pay child support. We have reviewed Father's objections to the magistrate's decision and find Father did not raise this issue before the trial court.

{¶46} We note Civ.R. 53(D)(3)(b)(iv) states that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required * * *." Furthermore, objections to a magistrate's decision must be specific. *See North v. Murphy*, 5th Dist. Tuscarawas No. 2000AP050044, 2001 WL 246419. Nonetheless, we have also recognized that an appellant's failure to specifically object to a magistrate's decision does not bar appellate review of "plain error." *See, e.g., Tormaschy v. Weiss*, 5th Dist. Richland No. 00 CA 01, 2000 WL 968685. To constitute plain error in a civil case, the error must be "obvious and prejudicial" and "if permitted, would have a material adverse effect on the character and public confidence in judicial proceedings." *Friedland v. Djukic*, 191 Ohio App.3d 278, 2010–Ohio–5777, ¶ 37 (8th Dist.).

{¶47} Father contends it was error to impose a child support obligation because the trial court should not have reallocated the parental rights and responsibilities. We have

determined there was no abuse of discretion for the trial court to grant Mother's motion for reallocation of parental rights and responsibilities. We accordingly find no plain error to order Father to pay child support.

{¶48} Father's fifth Assignment of Error is overruled.

## CONCLUSION

{¶49} The judgment of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Wise, Earle, J., concur.