[Cite as *McCreery v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-3485.]

| | |
|---|---|
| NICHOLAS C. MCCREERY | Case No. 2019-00079JD |
| Plaintiff | Judge Patrick M. McGrath<br>Magistrate Gary Peterson |
| v. | <u>JUDGMENT ENTRY</u> |
| OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} Plaintiff brought this action for negligence against defendant, Ohio Department of Rehabilitation and Correction (ODRC). The case went to trial before a magistrate of this court. On March 31, 2020, the magistrate issued a decision recommending judgment in favor of defendant. On April 16, 2020,[1] plaintiff filed objections to the magistrate's decision. For the reasons set for below, the court adopts the magistrate's decisions as its own.

**Background**

{¶2} At all times relevant to this case, plaintiff was an inmate in the custody and control of ODRC. According to his complaint, plaintiff was transferred to Lebanon Correctional Institution (LeCI) during which time he had "immediate problems" with a gang known as the gangster disciples (GDs). Complaint, ¶ 5. According to plaintiff, he informed ODRC's employees that the GDs were planning to attack him, but he was told

---

[1]Civ.R. 53(D)(4)(b)(i) provides, in part: "A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision * * *." However, in light of the COVID-19 outbreak, the Supreme Court of Ohio issued an entry tolling the time requirements established by all Supreme Court-promulgated rules. *See 03/27/2020 Administrative Actions*, 2020-Ohio-1166. Additionally, "[n]othing in this order precludes filings during the duration of the order if the Court * * * is able to receive filings due to local accommodations and the matter is related to a situation that requires immediate attention." *Id.* Plaintiff filed his objections sixteen days after the magistrate issued its decision. Although plaintiff's objections are technically untimely, the time requirement under Civ.R. 53 was tolled such that plaintiff's objections are considered timely under the Supreme Court's order. Further, the court finds that this matter is of a nature which requires immediate attention.

that "nothing can be done so fight like a man." *Id.* at ¶ 6. Subsequently, plaintiff was attacked in a stairwell at LeCI during which members of the GDs cut his face open. *Id.* at ¶ 7.

{¶3} Plaintiff filed a negligence action against ODRC, seeking damages for the injuries he incurred during the attack and the cost of his personal property allegedly lost while plaintiff was getting medical treatment for his injuries. The issues of liability and damages were not bifurcated, and the case proceeded to trial before a magistrate.

{¶4} Following the trial, the magistrate found that plaintiff failed to prove his negligence claim by a preponderance of the evidence. The magistrate determined that plaintiff did not establish that he provided defendant with adequate notice of an impending attack such that ODRC would be liable for an intentional attack on plaintiff carried out by another inmate. Additionally, the magistrate determined that plaintiff did not present any evidence to establish his related lost property claim.

{¶5} Plaintiff ultimately raised two objections to the magistrate's decision: (1) the magistrate erred in finding that plaintiff failed to prove negligence by a preponderance of the evidence; and (2) the magistrate erred in sustaining ODRC objections to the presentation of evidence regarding his property loss claims.

**Law and Analysis**

I. **Plaintiff's objections do not comport with requirements contained in Civ.R. 5.**

{¶6} Upon review, the court finds that plaintiff's objections are not properly before the court for consideration. Civ.R. 5(A) provides that every paper subsequent to the original complaint, absent an applicable exception, "shall be served upon each of the parties." Additionally, any "served document shall be accompanied by a completed proof of service which shall state the date and manner of service * * *." Civ.R. 5(B)(4). Further, the court is not permitted to consider any document filed with the court "'*until*

*proof of service is endorsed thereon or separately filed.'"* *Thomas v. Ohio Dept. of Mental Health*, Ct. of Cl. No. 2015-00487, 2017-Ohio-7525, ¶ 9, quoting Civ.R. 5(B)(4).

{¶7} Furthermore, it is well-settled that "a party's failure to follow the procedural requirement of Civ.R. 5 when filing objections to a magistrate's decision is tantamount to a failure to file objections." *Id.* at ¶ 10. Accordingly, "this court may proceed as if no objections have been filed" at all. *Id.* Here, plaintiff's objections do not contain a completed certificate of service nor did plaintiff separately file with the court proof of service thereafter. Consequently, the court finds that plaintiff's filing is equivalent to having filed no objections at all.

## II. Even if plaintiff's objections were properly before the court for consideration, the court finds no basis to reverse or modify the magistrate's decision.

{¶8} Civ.R. 53(D)(4)(b) provides that, "[w]hether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification." However, when a party files objections to a magistrate's decision, the court "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues, and appropriately applied the law." Civ.R. 53(D)(4)(d).

### A. Standard of Review

{¶9} In reviewing the objections, the court does not act as an appellate court but rather conducts "a de novo review of the facts and conclusions in the magistrate's decision." *Ramsey v. Ramsey*, 10th Dist. Franklin No. 13AP-840, 2014-Ohio-1921, ¶ 17 (internal citations omitted). Objections "shall be specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii). They must be supported "by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if the transcript is not available." Civ.R. 53(D)(3)(b)(iii).

{¶10} Plaintiff did not provide a transcript of the evidence to support his objections or an affidavit of evidence. When an objecting party fails to properly support his objections with a transcript or affidavit, "the trial court must accept the magistrate's factual findings and limit its review to the magistrate's legal conclusions." *Triplett v. Warren Corr. Inst.*, 10th Dist. Franklin No. 12AP-728, 2013-Ohio-2743, ¶ 13. Plaintiff offers no explanation as to why he did not provide a transcript or an affidavit. Accordingly, the court accepts the magistrate's factual findings as true, and restricts its consideration of plaintiff's objections to a review of the magistrate's legal conclusions.

**B. Plaintiff's First Objection**

{¶11} Plaintiff's first objection concerns the magistrate's conclusion that plaintiff failed to prove his claim of negligence by preponderance of the evidence. To the extent plaintiff's objection disputes the magistrate's factual findings, the court is unable to consider the objection. As noted above, plaintiff's failure to file a transcript or demonstrate that a transcript was unavailable requires the court to accept the magistrate's factual findings, including the magistrate's finding that plaintiff did not prove that he provided adequate notice to ODRC employees that he feared an impending attack upon him.

{¶12} In order to prevail on a negligence claim, a plaintiff must show: (1) defendant owed plaintiff a duty; (2) defendant breached that duty; and (3) defendant's breach proximately caused plaintiff's injury. *Ford v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 05AP-357, 2006-Ohio-2531, ¶ 10, citing *Chambers v. St. Mary's School*, 82 Ohio St.3d 563, 565, 697 N.E.2d 198 (1998). There is no dispute as to whether plaintiff suffered an injury after being attacked by other inmates. Additionally, there is no question that ODRC owed plaintiff a duty. "In the context of a custodial relationship between the state and its prisoners, the state owes a common-law duty of reasonable care and protection from unreasonable risks." *Jenkins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 12AP-787, 2013-Ohio-5106, ¶ 8.

{¶13} Generally, "[r]easonable care is that degree of caution and foresight an ordinarily prudent person would employ in similar circumstances, and includes the duty to exercise reasonable care to prevent an inmate from being injured by a dangerous condition about which the state knows or should know." *McElfresh v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 04AP-177, 2004-Ohio-5545, ¶ 16. However, the state "is not an insurer of inmate safety and owes the duty of ordinary care only to inmates who are foreseeably at risk." *Franks v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 12AP-442, 2013-Ohio-1519, ¶ 17.

{¶14} When one inmate intentionally attacks another inmate, "actionable negligence arises only where prison officials had adequate notice of an impending attack." *Metcalf v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 01AP-292, 2002-Ohio-5082, ¶ 11. "Notice may be actual or constructive, the distinction being the manner in which the notice is obtained rather than the amount of information obtained." *Lucero v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 11AP-288, 2011-Ohio-6388, ¶ 18. "Whenever the trier of fact is entitled to find from competent evidence that information was personally communicated to or received by the party, the notice is actual. Constructive notice is that notice which the law regards as sufficient to give notice and is regarded as a substitute for actual notice." *Hughes v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 09AP-1052, 2010-Ohio-4736, ¶ 14. "Whether ODRC had or did not have notice is a question that depends on all the factual circumstances involved." *Frash v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 14AP-932, 2016-Ohio-3134, ¶ 11.

{¶15} Plaintiff did not establish that he informed ODRC's staff that he feared an impending attack. Plaintiff identified an inmate named Ziruolo as being the individual who attacked him along with other individuals who he could not identify. There is no evidence that plaintiff informed any of ODRC's staff that he feared an impending attack by Ziruolo or the other unidentified inmates.

{¶16} Although the evidence may have suggested that plaintiff did have verbal conversations with ODRC's staff members regarding the difficulties he was having with other inmates, specifically an inmate named Charles Reed and an unidentified group of individuals to which plaintiff generally refers as a gang named the GDs, plaintiff never established that Ziruolo was associated with Reed or the GDs and that ODRC knew of that association such that it would be foreseeable that Ziruolo or the other unknown inmates would attack plaintiff. Moreover, an inmate's vague statements to ODRC staff about needing to be moved are not sufficient to constitute adequate notice of an impending attack if the inmate does not "specifically request protective custody or directly express his fear of an impending assault." *See Baker v. Dept. of Rehab. & Corr.*, 28 Ohio App.3d 99, 100, 502 N.E.2d 261 (10th Dist.1986) (the plaintiff's "vague statements" to guards "that he needed to get off the range or be moved off the range" did not provide ODRC staff with adequate notice of an impending assault because he failed to request protective custody or directly express fear of an impending assault despite the fact that he had been slapped in the face by another inmate earlier that same day).

{¶17} Plaintiff claimed that he provided adequate notice when he verbally notified a correction officer and a sergeant that inmate Reed and members of the GDs had a "hit" out on him. However, plaintiff also testified that he was concerned that he would be labeled a snitch if he wrote to or spoke with ODRC's staff about Reed or the GDs. Further, plaintiff wrote a voluntary statement following the attack to document the events that preceded the attack and plaintiff did not include any indication that he ever informed anyone of an impending attack upon his person. Thus, the evidence suggested that plaintiff's allegations were not entirely credible, and it seemed more likely that plaintiff never expressly informed defendant's staff members that he feared an impending attack.

{¶18} Therefore, plaintiff failed to prove by a preponderance of the evidence that he informed ODRC's staff that he feared an impending attack upon him. Accordingly, the court finds no basis to reverse or modify the decision of the magistrate.

### C. Plaintiff's Second Objection

{¶19} Plaintiff's second objection concerns the magistrate's conclusion that plaintiff failed to present any evidence in support of his claim of lost property related to the attack. Specifically, plaintiff states he "was never given [the] chance to dispute missing items. At trail [*sic*] the state attorney objected and would'nt [*sic*] allow me to discribe [*sic*] on record of missing property." *See* Plaintiff's Objection to Magistrate Decision, p. 4. It appears plaintiff is objecting to evidentiary rulings the magistrate made during trial.

{¶20} If a party wishes to raise an error based on a ruling excluding evidence at trial, the party must proffer the excluded evidence or the nature of the excluded evidence must be apparent from the context of the questions asked of a witness. Evid.R. 103(A)(2); *see also In re Bunting*, 5th Dist. Delaware No. 99 CA F 03 012, 2000 Ohio App. LEXIS 130, 7 (Jan. 11, 2000) ("The appellant had a duty to proffer evidence which she believed was improperly excluded. Evidence Rule 103(A)(2). This proffer then would have appeared in the transcript and the trial court could have properly reviewed the evidentiary ruling of the Magistrate."). However, as discussed above, plaintiff did not provide a transcript of the evidence or an affidavit of evidence to support his objections. Absent a transcript, the court cannot tell whether plaintiff proffered the excluded evidence or if the nature of the evidence was clear from the context.

{¶21} Even if the court assumes plaintiff did proffer the evidence, the lack of a transcript means the court cannot review the evidence itself or the nature and context of the magistrate's rulings on the admissibility of the evidence. Therefore, the court has no basis to find error with the magistrate's evidentiary rulings. *See Cargile v. Ohio Dept. of Adm. Servs.*, 10th Dist. Franklin No. 11AP-743, 2012-Ohio-2470, ¶ 15 (trial court did not

err in overruling objections to evidentiary ruling when no transcript was provided); *City of Columbus v. Flex Tech Professional Servs.*, 10th Dist. Franklin No. 04AP-417, 2004-Ohio-6255, ¶ 8 ("Because appellant failed to provide the trial court with a transcript, the trial court did not err in adopting the magistrate's decision or in finding that the magistrate did not err in permitting an undisclosed witness to testify or admitting exhibits that had not been disclosed by the city."); *Bunting* at 7 ("There was no way for the trial court to know what the Magistrate's rulings on the evidence were without a transcript.").

**Conclusion**

{¶22} The court finds that plaintiff's failure to comply with the requirements of Civ.R. 5 resulted in his failure to file objections to the magistrate's decision. Even if plaintiff's objections were properly before the court for consideration, the court finds the magistrate properly determined the factual issues and appropriately applied the law in this case. Accordingly, the court adopts the magistrate's decision and recommendation as its own, including all findings of fact and conclusions of law. Judgment is rendered in favor of ODRC. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

Filed May 18, 2020
Sent to S.C. Reporter 6/26/20